IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01496-DDD-SBP

IRIS F. MACIAS,
LORINE GUMONE, and
BILLIE MILHAM, individually and on behalf of others similarly situated,

    Plaintiffs,

v.

SISTERS OF CHARITY OF LEAVENWORTH HEALTH SYSTEM,
THE BOARD OF DIRECTORS OF THE SISTERS OF CHARITY OF LEAVENWORTH HEALTH SYSTEM,
THE DEFINED CONTRIBUTION INVESTMENT COMMITTEE OF THE SISTERS OF CHARITY OF LEAVENWORTH HEALTH SYSTEM, and
JOHN DOES 1-30,

    Defendants.

---

**ORDER GRANTING MOTION TO STAY**

---

**Susan Prose, United States Magistrate Judge**

This matter comes before the court on Defendants' Rule 26(c) Motion to Hold Discovery in Abeyance During the Pendency of Defendants' Dispositive Motion to Dismiss. ECF No. 35 ("Motion" or "Motion to Stay"). The undersigned considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated August 17, 2023 (ECF No. 16), and the Memorandum dated November 2, 2023 (ECF No. 40). After reviewing the Motion, the entire case file, and the applicable case law, the court respectfully **GRANTS** the Motion to Stay.

**BACKGROUND**

Plaintiffs bring a class action under the Employee Retirement Income Security Act of

1974, 29 U.S.C. §§ 1001 et seq. ("ERISA"), alleging that Defendants mismanaged three participant-directed retirement savings plans by "*inter alia*, failing to objectively and adequately review the Plans' investment portfolio with due care to ensure that each investment option was prudent, in terms of costs and performance." First Amended Class Action Complaint, ECF No. 19 ("Am. Compl.") ¶ 12; *see also id.* ¶ 13 (alleging that "Defendants' mismanagement of the Plans, to the detriment of participants and beneficiaries, constitutes a breach of the fiduciary duty of prudence, in violation of 29 U.S.C. § 1104").[1] Plaintiffs are participants in these plans. *Id.* ¶¶ 18-20. They contend that, commencing in June 2017, the plans "chronically underperformed" in comparison with "Comparator Funds" offered by T. Rowe Price, American Funds, and Mutual of America, along with a "Comparator Index"—i.e., the Morningstar Lifetime Moderate Index. *Id.* at p. 22 and ¶¶ 89-90, 93.

Plaintiffs bring two claims. The first claim alleges "breaches of fiduciary duty of prudence" against Defendant Defined Contribution Investment Committee, which is alleged to have imprudently selected the plans or "fail[ed] to replace investment options when they became imprudent." *Id.* ¶ 112; *see also generally id.* ¶¶ 109-116. A second claim is brought against SCL Health, which sponsors the plans, and the Defendant Board of Directors, for "failure to adequately monitor other fiduciaries." *Id.* ¶¶ 117-123. Plaintiffs seek a determination that this action be allowed to proceed as a class action and that Plaintiffs be designated as class representatives and their counsel designated as class counsel—along with myriad forms of declaratory and injunctive relief and damages. *Id.* pp. 34-36.

---

[1] The court provides here a high-level synopsis of Plaintiffs' allegations, which is sufficient for the court to evaluate the Motion to Stay.

On September 28, 2023, Defendants moved to dismiss the Amended Complaint in its entirety, with prejudice. ECF No. 23. The pending motion to dismiss, which is fully briefed, *see* ECF Nos. 26, 38, is not referred to this court. In the Motion to Stay, filed October 27, 2023, Defendants assert that discovery should be held "in abeyance pending resolution of the motion to dismiss." Motion to Stay at 2. Plaintiffs oppose a stay of discovery. ECF No. 42 ("Response"). Defendants did not file a reply in support of the Motion to Stay.

## LEGAL STANDARD

"The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending. Instead, Rule 1 instructs that the rules of procedure 'shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Sutton v. Everest Nat'l Ins. Co.*, No. 07-cv-00425-WYD-BNB, 2007 WL 1395309, at *1 (D. Colo. May 9, 2007). And Federal Rule of Civil Procedure Rule 26(c) does permit the court, upon a showing of good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

Plaintiffs assert—based on a 50-year-old case from another circuit—that discovery "should not be denied *except under the most extreme circumstances*." Response at 2 (quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (2d

3

Cir. 1971) (emphasis added)). That proposition does not accurately reflect the law in this District.

While staying discovery pending a ruling on a motion to dismiss is generally disfavored, *see, e.g.*, *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007), that is not a hard and fast rule. "[A] court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010). As particularly relevant here, "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007). When ruling on a motion to stay, courts weigh the following factors: (1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). In the end, the decision to stay discovery rests firmly in the sound discretion of this court. *See Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).

## ANALYSIS

Defendants seek a stay of discovery on grounds that the claims Plaintiffs raise here "are nearly identical to those that courts in this district, and across the country, have dismissed— including the Tenth Circuit in a case brought by the same plaintiffs' firm with strikingly

similarly allegations." Motion at 1 (citing *Matney v. Barrick Gold N. Am.*, 80 F.4th 1136 (10th Cir. 2023)); *see also id.* at 2-5 (discussing substance of motion to dismiss). Defendants argue that their motion to dismiss will dispose of the entire action and that the *String Cheese* factors also support a stay of discovery. *Id.* at 6-10. The court evaluates the stay question pursuant to the *String Cheese* factors.

**Factor One.** Defendants argue that the first *String Cheese* factor weighs in favor of a stay because Plaintiffs will suffer no prejudice by a stay of class discovery. Defendants explain, by means of a declaration from counsel, that SCL Health already has produced to Plaintiffs "core information" which, "[p]resumably, Plaintiffs relied upon . . . to draft the complaints." Motion at 8. This production consisted of "more than 500 documents, including Plan documents, the summary plan descriptions, the Summary Annual Reports, the Investment Policy and Guidelines, and recordkeeping/trust agreement with the recordkeeper." Pearl Decl., ECF No. 36 ¶ 4 (stating that the documents were provided pursuant to a request from Plaintiffs pursuant to ERISA § 104(b)(4)); *see also* 29 U.S.C. § 1024(b)(4) ("The administrator shall, upon written request of any participant beneficiary, furnish a copy of the latest updated summary, description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.").[2] Plaintiffs do not dispute these points, but counter that, while "the 'corporate record' will be crucial to their case," they also need access to the individuals "who were making the decisions that affected the Class of Plan participants," and that a delay in discovery may jeopardize their ability "to potentially

---

[2] Plaintiffs presumably also would have documentation concerning their own investment histories.

5

recuperate their lost retirement saving" and subject them "to more financially restrictive lifestyle decisions in their retirement." Response at 7-8.

The court finds that, in this context, Plaintiffs overstate their point. There is nothing in the record before the court to suggest that any specific witness will be unavailable if discovery is stayed until Judge Domenico resolves the motion to dismiss, nor is there any indication that—in a case where an extensive documentary record is the driving consideration—other persons associated with these corporate-entity defendants would not be equally capable of providing the information Plaintiffs seek. Indeed, given the nature of Plaintiffs claims, it appears likely that depositions pursuant to Federal Rule of Civil Procedure 30(b)(6), in which Defendants will designate the deponents, would be an essential component of future discovery.

The court recognizes that plaintiffs, generally, have an interest in proceeding expeditiously with litigation. But the court discerns here no evidence of "injurious consequences" that would attend a limited stay to allow for the resolution of a motion that is potentially fully dispositive of the matter. *See Clarendon Nat'l Ins. Co., v. Glickauf*, No. 18-ccv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019) (quoting *Chavez v. Young America Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007)). Factor One, then, is neutral in the court's assessment of the propriety of a stay.

**Factor Two.** As to the second *String Cheese* factor, Defendants argue that they "will be *extremely* burdened if discovery proceeds while their motion to dismiss is pending." Motion at 8-9 (emphasis in original). They point to the case as being a "putative class action," and assert that "while the ordinary burdens associated with litigating a case do not constitute an undue burden, the breadth of class action discovery implicated in this case if a stay were not granted would be a

6

significantly elevated burden on Defendant." *Id.* at 10 (quoting *Grosvenor v. Qwest Commc'ns Int'l, Inc.*, No. 02-cv-02848-WDM-KMT, 2010 WL 1413108, at *1 (D. Colo. Apr. 1, 2010)). Defendants further emphasize the breadth of the anticipated class, which Plaintiffs allege consists of more than 8,600 plan participants spanning a period commencing on June 13, 2017, and extending "through the date of judgment." Motion at 10 (citing Am. Compl. ¶ 35 ("The members of the Class are so numerous that joinder of all members is impractical. The 2020 Form 5500 lists **8,664** Plan participants with account balances as of the end of the plan year.") (emphasis added) (cleaned up)). As the Amended Complaint further asserts, information that long predates even June 2017 is in play. Am. Compl. ¶ 96 (alleging that "[t]he three and five year averages as early as 2014, prior to the Class Period, show[] that the JPMorgan series of target date funds have been historically an imprudent selection").

       This court has no reason to doubt that discovery will implicate the investment histories of a large number of plan participants and beneficiaries, even if not the entire 8,600 putative class members. Notably, too, the number of formally-named Defendants in this matter is not yet settled. The Amended Complaint suggests Plaintiffs' intention to sue all "members of the Committee during the Class Period"—signaling a further expansion of the probable scope of discovery. Am. Compl. ¶ 33 (discussing Defendants currently described as "John Does 11-20"). Plaintiffs discount these contentions, describing the reference to the 8,664 members of the putative class as a "transparent attempt to gin up 'extraordinary circumstances'" and "wildly inaccurate." Response at 9. The court respectfully disagrees. Plaintiffs do not meaningfully dispute the core point: that discovery in a matter where class claims encompass a years' long period would be broad and complex.

While the ordinary discovery burdens associated with litigation generally do not constitute an undue burden, *see, e.g.*, *Collins v. Ace Mtg. Funding, LLC*, No. 08-cv-01709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008), "the breadth of class action discovery" is likely to be significant in this action, and thus Defendants would be subject to an "elevated burden" if the stay were not granted. *Grosvenor*, 2010 WL 1413108, at *1 (citing *Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *2 (D. Colo. Jan. 7, 2010)); *cf. Schmaltz v. Smithkline Beecham Corp.*, No. 08-cv-00119-WDM-MEH, 2008 WL 3845260, at *1-2 (D. Colo. Aug. 15, 2008) (staying discovery only as to class claims upon finding that Defendant "demonstrated that significant discovery may be necessary for class claims that would otherwise be irrelevant"). Accordingly, the court finds that the second factor weighs strongly in favor of a stay.

**Factor Three.** As to the third *String Cheese* factor, convenience to the court favors a stay. Although courts in this District have recognized the "inconvenience[ ] [of] an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and . . . less manageable," *Arocho v. Nafzinger*, No. 07-cv-02603-REB-KLM, 2008 WL 5101701, at *1 (D. Colo. Dec. 1, 2008), here Plaintiffs have asserted class claims that, as they acknowledge in their pleading, implicate thousands of class members. Although Judge Domenico has not yet addressed the merits of the pending motion to dismiss—and this judicial officer respectfully declines to speculate on the determination of a motion that has not been referred to this court—should that motion be granted, the court will have unnecessarily expended resources managing a class action suit. *See Grosvenor*, 2010 WL 1413108, at *2 ("The court's time is not well-served by being involved in possible discovery

motions and other incidents of discovery—particularly given the elevated supervisory role of a court in class action litigation—where, as here, a dispositive motion is pending.").

As Plaintiffs note, this court has the authority to limit discovery and to "mitigate any aspects of discovery that it considers burdensome on Defendant[s]." Response at 10 n.5. True, but the fact that significant discovery management is likely to be required in this class-action matter serves to emphasize that the third factor weighs in favor of granting the stay.

**Factors Four and Five.** As to the remaining *String Cheese* factors, this court finds that the interests of non-parties and the public are neutral.

Plaintiffs do not identify any specific non-parties whose interests may be affected by the imposition of a stay in this matter—indeed, they seem to discount the possibility that there are any such persons, *see* Response at 11-12—and it is premature for this court to attempt to address any potential class members who are not currently named plaintiffs. *See Minter v. City of Aurora*, No. 20-cv-02172-RM-NYW, 2021 WL 735910, at *9 (D. Colo. Feb. 25, 2021) (finding the fourth factor to be neutral where the parties did not "identify any specific non-parties (as opposed to the public at large) whose interests may be affected by the imposition of a stay in this matter," and stating it was "premature for this court to attempt to address any potential class members who are not currently named plaintiffs"). As for the public at large, their "primary interest in this case is an efficient and just resolution." *Thomas v. Rogers*, No. 19-cv-01612-RM-KMT, 2019 WL 5085045, at *3 (D. Colo. Oct. 10, 2019). That goal will not be facilitated by this court's diverting limited resources to the management of possibly unnecessary discovery disputes in a matter that portends the need for significant court involvement.

In sum, the court finds that balancing the *String Cheese* factors supports the conclusion

9

that a stay of discovery pending the resolution of the motion to dismiss is warranted.

## CONCLUSION

For the foregoing reasons, IT IS **ORDERED** that:

(1) Defendants' Motion to Stay (ECF No. 35) is **GRANTED** and discovery in this matter is **STAYED** pending resolution of the motion to dismiss (ECF No. 23), and

(2) Within three business days of the disposition of the pending motion to dismiss, to the extent there are any remaining claims, the parties **SHALL CONTACT** the chambers of this Magistrate Judge to set a Scheduling Conference.[3]

DATED: April 10, 2024                                     BY THE COURT:

                                                                          _____
                                                                          Susan Prose
                                                                          United States Magistrate Judge

---

[3] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").